United States Court of Appeals,

Fifth Circuit.

No. 95-20143.

Robert D. HALL, Plaintiff-Appellant,

v.

GILLMAN INC.;  Frank Gillman Pontiac Company, doing business as Frank Gillman Pontiac/GMC, Defendant-Appellee.

April 18, 1996.

Appeal from the United States District Court for the Southern District of Texas.

Before LAY[*], HIGGINBOTHAM and STEWART, Circuit Judges.

STEWART, Circuit Judge:

Robert D. Hall, who was 55 years old at the time, was dismissed from his position as GMC Truck Sales manager at Frank Gillman Pontiac Company ("Gillman Pontiac").  He sued, alleging that age was a determinative factor in his dismissal.  The trial court granted summary judgment to Gillman Pontiac, and Hall appeals.  Finding that Hall had established the existence of a genuine issue of fact as to whether the reasons given by Gillman Pontiac for Hall's dismissal from employment were mere pretext, we REVERSE and REMAND.

FACTS

Gillman is a franchised General Motors dealer of Pontiac cars and GMC trucks.  In 1984, Gillman Pontiac's president, Mr. Ramsey Gillman, persuaded Hall to close his used car lot and to return to

---

[*]Circuit Judge of the Eighth Circuit, sitting by designation.

1

work for Gillman Pontiac, where Hall had previously worked, off and on, for a total of about 20 years. From 1984 until January 1990, Hall was Gillman Pontiac's GMC Truck Sales Manager.

In October 1989, Mr. Gillman met with Hall and Ervin Hawkins, Hall's counterpart in charge of Pontiac car sales. Mr. Gillman informed Hall and Hawkins that sales of GMC's and Pontiacs were down in 1989, and that he was dissatisfied with their performance. Mr. Gillman advised them that changes would be made if they did not improve in the next 90 days.

In January 1990, Mr. Gillman told Hall that Gillman Pontiac was replacing him as GMC sales manager because his performance had not improved. Mr. Gillman offered Hall a sales position, but Hall declined and instead left Gillman Pontiac. Hawkins, who is two years older than Hall, remained as Pontiac car sales manager for another seventeen months because Mr. Gillman thought Hawkins' performance had improved.

Hall filed a complaint with the EEOC alleging unlawful age discrimination. The EEOC issued a no-violation determination, and Hall then filed suit in Texas state court alleging claims under the Texas Labor Code. When Hall amended his complaint to include ADEA claims, the defendants removed the case to federal court. The district court granted summary judgment for Gillman Pontiac in February 1995, without opinion.

## DISCUSSION

A district court's grant of summary judgment is reviewed de novo. *Neff v. American Dairy Queen Corp.*, 58 F.3d 1063, 1065 (5th

2

Cir.1995), *cert. denied,* --- U.S. ----, 116 S.Ct. 704, 133 L.Ed.2d 660 (1996). Under Fed.R.Civ.P. 56(c), summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmovant, reflects no genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In order to withstand a summary judgment challenge, an ADEA plaintiff must first establish a *prima facie* case of age discrimination, after which the defendant is given an opportunity to articulate a legitimate, nondiscriminatory reason for its disparate treatment of the plaintiff. *Lindsey v. Prive Corp.,* 987 F.2d 324, 326 (5th Cir.1993) (citations omitted). If the defendant successfully does so, the plaintiff bears the burden of demonstrating that the reason was pretextual. *Id.* The ultimate burden of persuasion remains with the plaintiff. *Id.*

The plaintiff can demonstrate that the reason was pretextual in two ways, "either [1] directly by persuading the court that a discriminatory reason more likely motivated the employer, or [2] indirectly by showing that the employer's proffered explanation is unworthy of credence." *Thornbrough v. Columbus and Greenville R. Co.,* 760 F.2d 633, 639 (5th Cir.1985) (*citing Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 255 n. 8, 101 S.Ct. 1089, 1094 n. 8, 67 L.Ed.2d 207 (1981)). Because we are reviewing a summary judgment, we need not determine whether Hall actually proved that Gillman's reasons were pretextual for age discrimination, because in the context of a summary judgment

3

proceeding, the question is not whether the plaintiff proves pretext, but rather whether the plaintiff raises a genuine issue of fact regarding pretext. *Thornbrough,* 760 F.2d at 646. Thus, as restated recently by this court *en banc,* a plaintiff can avoid summary judgment if the evidence taken as a whole, (1) creates a fact issue as to whether each of the employer's stated reasons were what actually motivated the employer, and (2) creates a reasonable inference that age was a determinative factor in the actions of which the plaintiff complains. *Rhodes v. Guiberson Oil Tools,* 75 F.3d 989, 993 (5th Cir.1996) (en banc). The employer will be entitled to summary judgment if the evidence taken as a whole would not allow a jury to infer that the actual reason for the discharge was discriminatory. *Id.* Conversely, an employee has created an issue of fact and the employer is *not* entitled to summary judgment if the evidence taken as a whole *would* allow a jury to infer that the actual reason for the discharge was discriminatory. *See Thornbrough,* 760 F.2d at 646. Hall argues that the evidence he produced is sufficient for summary judgment purposes. We agree.

Gillman Pontiac concedes for purposes of appeal that Hall has established a *prima facie* case of age discrimination, as delineated by this court in *Rhodes,* 75 F.3d at 992. However, Gillman Pontiac contends that it replaced Hall because of his poor sales performance. Hall argues that Gillman Pontiac's claim is unbelievable because he had won a major sales award only a few months before the warning given by Mr. Gillman, and that Gillman Pontiac ranked high in sales while he was there and has not held

4

that rank since he left. He also presents the affidavits of other employees attesting that he usually worked "bell-to-bell." All parties admit that Gillman Pontiac was experiencing a slump in sales at the time, and it is not clear from the record whether Hall's sales had fallen off any more than anyone else's. Hall also argues that direct evidence shows Gillman Pontiac was motivated by a discriminatory reason to dismiss him. He presents the affidavits of several employees and former employees attesting that Gillman Pontiac's general sales manager and chief operating officer repeatedly stated their intent was to get rid of the old salesmen at the dealership.

We conclude from the summary judgment record that Hall has created a genuine issue of fact as to whether Gillman Pontiac dismissed him for poor performance or because of his age. In *Thornbrough,* we reversed a summary judgment because we found that the appellant had created a genuine issue of fact as to pretext. *Thornbrough,* 760 F.2d at 647. We noted that through the dim mists of the record as it stood at the time, we perceived a thin vapor. *Thornbrough,* 760 F.2d at 648. As in *Thornbrough,* "whether this vapor will precipitate into a victorious shower is a question for the jury." *Id.* The trial court erred in granting summary judgment under the facts and circumstances of record. We therefore REVERSE and REMAND for further proceedings.