**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-60546
Summary Calendar

EARL BARNES,

Plaintiff - Appellant,

VERSUS

INGALLS SHIPBUILDING, INC.; RAY MOORE,

Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
(1:97-CV-133-GR)

June 11, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

Per Curiam:[1]

Earl Barnes ("Barnes") worked for Ingalls Shipbuilding, Inc. ("Ingalls") as Gantry Crane Operator. In May 1996, Ingalls fired Barnes for violating company rules and insubordination. Barnes filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter. He sued Ingalls, asserting (1) race discrimination and retaliatory discharge under Title VII and (2) violation of his due process rights. The district court granted Ingalls' motion for summary judgment.

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Barnes appeals.

We review a grant of summary judgment <u>de novo</u>, viewing the facts and inferences in the light most favorable to the nonmovant. <u>See</u> <u>Hall v. Gillman Inc.</u>, 81 F.3d 35,36-37 (5th Cir. 1996). After a careful review of the briefs and the record, we conclude that the district court properly granted summary judgment for Ingalls. Although the entire appeal lacks merit, the due process claim was particularly frivolous. It is a basic tenet of constitutional law the Due Process Clause is applicable only to state actors. Ingalls is a private company and was, therefore, incapable of violating Barnes' due process rights. <u>See</u> <u>Shelley v. Kraemer</u>, 68 S.Ct. 836, 842 (1948) (stating that the Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful."). We affirm for the reasons given by the district court.

AFFIRMED.