No. 00-50376
--1--

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-50376

Summary Calendar

TIMOTHY JONES,

Plaintiff-Appellant,

VERSUS

UNIVERSITY OF TEXAS MEDICAL, ETC., ET AL.,

Defendants,

UNIVERSITY OF TEXAS MEDICAL, University of Texas Medical Branch;
LANE HAYDEN; LEON CLEMENTS; E.J. PEDERSON; JENNIFER L. NITSCHMANN;
JOHN STOBO; MELVIN WILLIAMS; KATHY SHINGLETON; ELIZABETH CAMP,

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Texas Waco Division
(W-99-SV-32)

November 3, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Timothy Jones appeals the district court's grant of summary judgment for the University of Texas Medical Branch (UTMB) and other defendants. Jones argues that genuine issues of material fact exist as to his claims of racial discrimination and

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

retaliation under Title VII, 42 U.S.C. § 2000e et seq.

We review the grant of summary judgment de novo, applying the same standards as the district court. Piazza v. Maine, 217 F. 3d 239, 244 (5th Cir. 2000). We view facts and inferences in the light most favorable to the non-movant. Hall v. Gillman, Inc., 81 F. 3d 35, 36-7 (5th Cir. 1996). Summary judgment is granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 91 (1986).

A Title VII plaintiff bears the initial burden to prove a prima facie case of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 801-03, 93 S.Ct. 1817, 1824 (1973). "Once that showing has been made, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for the employment action." Munoz, 200 F.3d at 299 (citing McDonnell Douglas, 411 U.S. at 802-03). The plaintiff must then demonstrate that the employer's reason was pretext. Id. "Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." Reeves v. Sanderson Plumbing Products, Inc., 120 S.Ct. 2097, 2109 (2000).

Viewing the evidence in the light most favorable to the non-movant, we find that UTMB presented evidence of nondiscriminatory

reasons for any alleged pay disparities and retaliation, and that Jones failed to show pretext or falsity of the explanation. Therefore, we affirm for essentially the same reasons set forth by the district court in its Memorandum Order dated March 31, 2000. AFFIRMED.