**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-11225
Summary Calendar

BLANDINA A M FRITZ,

Plaintiff-Appellant,

VERSUS

MINERAL WELLS INDEPENDENT SCHOOL DISTRICT; RAY M CRASS,
Superintendant,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(99-CV-888)

October 5, 2001

Before JOLLY, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

I.  PROCEEDINGS BELOW

Pursuant to a complaint filed with the Equal Employment Opportunity Commission ("EEOC"), Blandina Fritz, acting *pro se*, filed a complaint against her former employer, the Mineral Wells, Texas, Independent School District ("MWISD") and its

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Superintendent.  The trial court found it impossible to determine the nature of the complaint from its face, but presumed from the volume of papers submitted with the complaint that it probably asserted an employment discrimination claim under Title VII, 42 U.S.C. § 2000e, *et. seq.*, on the basis of sex and national origin and under the Age Discrimination in Employment Act, 29 U.S.C. § 631, *et. seq.* ("ADEA").  The court granted Ms. Fritz time to amend her complaint, which she did.  The amended complaint still did not specify the nature of her claim.  The district judge proceeded on the basis that the claims were those stated in Ms. Fritz' EEOC complaint, namely, for violations of Title VII and the ADEA.  The trial court granted Ms. Fritz' motion to proceed *in forma pauperis* and denied her motion for assigned counsel.  On August 31, 2000, MWISD moved for summary judgment.  Ms. Fritz did not file a response to MWISD's motion, which was granted on October 10, 2000.

Ms. Fritz now appeals on the issues of whether the district court erred (1) in not finding discrimination and retaliation by the defendant; (2) in granting summary judgment; and (3) "by disregarding Appellant's shock and physical deterioration as an incontrovertible proof of innocence."  The broadest possible reading of Ms. Fritz' complaint and arguments does not reveal any issue of retaliation in the Title VII and ADEA context before the trial court and we will not consider it here.  Further, Ms. Fritz' third issue is incomprehensible and will not be considered.  Our

2

review will focus on whether summary judgment for MWISD on Ms. Fritz' claims of discrimination under Title VII and the ADEA is appropriate. Because our analysis leads us to the same conclusion as the trial court, we AFFIRM.

## II.  BACKGROUND

Ms. Fritz, a native of Mexico, was hired as a teacher's aide by the Mineral Wells Independent School District on August 11, 1995, as an at-will employee. She worked at the Travis Elementary School until January 20, 1998, when she transferred to the Life Skills Class at Mineral Wells High School. Although the record reflects that MWISD was concerned with Ms. Fritz' ability to follow directions while employed at Travis Elementary, the thrust of this case centers on her employment at Mineral Wells High School.

The Life Skills Class teaches special education students certain skills for coping with day to day life and includes students with both learning and physical disabilities. Ms. Fritz worked subject to Ms. Barbara Cranfill's direction.

Ms. Cranfill found that Ms. Fritz frequently disobeyed her direct instructions. These included to refrain from contradicting Ms. Cranfill to the students, how and when to talk to various students, whether to assist them in cleaning their stations, and how to assist them physically. Ms. Cranfill provided in-service training to Ms. Fritz on the use of hydraulic lift equipment required by some students, to find her instructions ignored at the peril of a student. Ms. Cranfill attempted to correct Ms. Fritz

3

verbally and in writing, and kept a detailed written notebook of events. MWISD terminated Ms. Fritz on October 5, 1998, for failing to follow instructions and for putting students' safety at risk. She was replaced by Ms. Deloris Suffka.

Ms. Fritz originally brought her complaint against MWISD and its Superintendent, Ray Crass. Her amended complaint did not name Mr. Crass as a defendant.

### III. ANALYSIS

This court conducts a *de novo* review of a grant of summary judgment, ensuring that no genuine issue of material fact exists and that judgment in favor of the appellee was warranted as a matter of law. *See Haynes v. Pennzoil Co.*, 207 F.3d 296, 299 (5th Cir. 2000). Under FED. R. CIV. P. 56(c), summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-movant, reflects no genuine issues of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986); *Hall v. Gillman, Inc.*, 81 F.3d 35, 36-37 (5th Cir. 1996).

A plaintiff's failure to respond to a motion for summary judgment does not, by itself, support granting summary judgment. The moving defendant must establish the absence of a genuine issue of material fact. *See John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985); *Ceasar v. Lamar Univ.*, 147 F. Supp. 2d 547, 550 (E.D. Tex. 2001). However, the court will assume that the movant's facts

4

as claimed and supported by admissible evidence are admitted to exist without controversy, unless controverted in an opposing statement of genuine issues which is supported by proper summary judgment evidence.  *Ceasar*, 147 F. Supp. 2d at 550.

## A. TITLE VII CLAIMS.

Under Title VII analysis, (1) a plaintiff must establish a *prima facie* case of discrimination; (2) the defendant may then offer a valid, non-discriminatory reason for the alleged discriminatory action; and, (3) the plaintiff then must show that the defendant's offered reason is merely pretext.  *See McDonnell Douglas v. Green*, 411 U.S. 792, 802-03, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973).  The Title VII plaintiff bears at all times the "ultimate burden of persuasion."  *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 511, 113 S. Ct. 2742, 2749, 125 L. Ed. 2d 407 (1993).

A *prima facie* claim is established when a plaintiff shows that she is a member of a protected class under Title VII; that she was qualified for the position; that she suffered an adverse employment decision; and that the adverse employment decision was differentially applied to her.  *See McDonnell Douglas*, 411 U.S. at 802; *Rubenstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 399 (5th Cir. 2000).

Ms. Fritz meets the first three elements of the *prima facie* cases.  She is both female and of Mexican origin and appears to

5

have asserted that she was fired because of one or both of those reasons. She was employed by MWISD for over three years as a qualified aide. Her termination was an adverse employment action. However, she has not adduced a single piece of competent evidence of any type to show that her treatment was different in any way because of either her gender or her national origin. Her voluminous filings at the district court level and on appeal are replete with her perspective that she was humiliated and sorely put upon by MWISD and its employees, most notably Ms. Cranfill. She does not show how her perceived mistreatment relates to either sex or nationality. None of her opinions and personal observations regarding her general dissatisfaction constitute evidence. Therefore, she has failed to establish a *prima facie* case under Title VII.

Furthermore, MWISD has offered two legitimate, non-discriminatory reasons for Ms. Fritz's termination. Those reasons were her inability and failure to follow verbal and written instructions, and her endangerment of students by using improper safety techniques. MWISD has supported its reasons with competent summary judgment evidence, including detailed notes taken by Ms. Cranfill in the course of Ms. Fritz' employment and Ms. Fritz' own deposition testimony. Ms. Fritz submitted nothing in opposition in the district court and none of the material she has submitted on appeal creates a genuine issue of material fact.

Because Ms. Fritz failed to establish a *prima facie* case and because MWISD has demonstrated that there is no genuine issue of material fact while Ms. Fritz has offered nothing in opposition, her Title VII claim fails.

## B. ADEA CLAIM.

ADEA analysis is similar to that of Title VII. The protected class under the ADEA includes all those who "are at least 40 years of age." 29 U.S.C. § 631(a). The fourth element the plaintiff must show in making her *prima facie* case is different from that under Title VII. In the ADEA context, the fourth element requires the plaintiff to prove that she was (1) replaced by someone outside the class, (2) replaced by someone younger, or (3) simply discharged because of age. *See Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999).

Here, Ms. Fritz was replaced by Ms. Deloris Suffka which makes the third alternative immaterial. At the time she was terminated and replaced, Ms. Fritz was fifty-nine years old, well within the class protected by the ADEA. Ms. Suffka was also fifty-nine years old. Therefore, Ms. Suffka was not "outside the class" and the first alternative is eliminated. Ms. Suffka was three months younger than Ms. Fritz. Such a minor difference is insignificant. *See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312-13, 116 S. Ct. 1307, 1310, 134 L. Ed. 2d 433 (1996); *Ross v. Univ. of Texas at San Antonio*, 139 F.3d 521, 525 (5th Cir. 1998).

7

Therefore, the second alternative is eliminated.

Because Ms. Fritz cannot establish a *prima facie* case, her ADEA claim fails. Even had she established a *prima facie* case, MWISD's legitimate, non-discriminatory reasons for having terminated her remain well supported with summary judgment evidence and uncontroverted by Ms. Fritz.

## IV. CONCLUSION

For all the reasons stated herein, IT IS ORDERED that the judgment of the trial court is AFFIRMED.

IT IS FURTHER ORDERED that Appellant's motion attempting a modification of the discovery control plan is DENIED.

IT IS FURTHER ORDERED that Appellant's motion to recover the cost of the transcript of deposition from the Appellee is DENIED.

IT IS FURTHER ORDERED that Appellee's motion for partial dismissal of appeal as to Ray M. Crass only is GRANTED.

IT IS FURTHER ORDERED that Appellant's motion to amend her brief of June 6, 2001 adding two missing brochures treated as motion to allow attachment to brief as a supplement is DENIED.

IT IS FURTHER ORDERED that Appellee's motion to file out of time its reply to Appellant's response to the Appellee's motion to dismiss Ray M. Crass is DENIED as MOOT.