United States Court of Appeals
Fifth Circuit

**F I L E D**

September 18, 2003

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30302
Summary Calendar

PATRICIA A. ROBINSON,

Plaintiff-Appellant,

versus

BLUE CROSS AND BLUE SHIELD OF LOUISIANA,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
(00-CV-851-B)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Patricia A. Robinson appeals a summary judgment against her Title VII race discrimination, retaliation, and sexual harassment claims. The judgment was based on two detailed opinions by the district court.

Robinson was employed by Blue Cross as Assistant Vice President of Community Relations. In 2000, because of corporate restructuring, the title of her position was changed to Director of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Community Relations, but her duties and salary remained the same. Robinson filed an EEOC charge on 1 May 2000, claiming race and sex discrimination because of an alleged demotion. She also generally claimed she was previously demoted. She filed this action in state court that August. (It was removed to district court.)

Robinson filed a second EEOC charge in May 2001. She claimed she was retaliated against for filing the first EEOC charge and this action when she received supporting ratings in her January evaluation with which she was dissatisfied. None of these ratings were "unsatisfactory". Moreover, she received the highest overall rating possible. Further, after the initial evaluation and before the filing of the second EEOC charge, her supervisor increased the supporting category ratings.

In an amended complaint, Robinson added a claim for sexual harassment by a member of the Board of Directors for various incidents between 1998 and 2001. Blue Cross first learned of the sexual harassment claims during a settlement discussion on 9 May 2001, around the time the second EEOC charge was filed. The charge states the harasser was being interviewed. Subsequently, Blue Cross instructed the harasser not to communicate with Robinson and not to attend events where she was present. Further, his Board position was allowed to expire and he was not reelected. Robinson asserts Blue Cross failed to appropriately reprimand him.

Finally, Robinson also claimed in her amended complaint that Blue Cross retaliated against her when it allegedly failed to

disclose an opportunity to apply for Senior Vice President of Business Development. Blue Cross eventually hired a black female for the position. Robinson admitted by deposition testimony that she lacked the requisite merger and acquisition experience for this position.

A summary judgment is reviewed *de novo*. *Hall v. Gillman, Inc.*, 81 F.3d 35, 36-37 (5th Cir. 1996). Such judgment is proper if, viewing the facts and all inferences drawn therefrom in the light most favorable to the non-movant, there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. *Id.*; FED. R. CIV. P. 56(c).

Where direct evidence of discrimination is lacking, Title VII claims are considered under the *McDonnell Douglas* burden-shifting framework. Robinson has the initial burden of proving a *prima facie* case by preponderance of the evidence. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If established, the burden of production shifts to Blue Cross to articulate a legitimate, nondiscriminatory reason for the employment action. *Id.* The burden then shifts back to Robinson to prove those reasons are pretext. *Id.*

To establish a *prima facie* case of discrimination on the basis of race, Robinson must show: (1) she was demoted; (2) she was qualified for the position she occupied; (3) she was within a protected class; and (4) someone outside the protected category

3

replaced her. *E.g., **Crawford v. Formosa Plastics Corp.***, 234 F.3d 899, 902 (5th Cir. 2000).

Robinson has failed to show she was demoted. Her title changed, as part of a general corporate restructuring, but her duties, salary, and benefits were not altered. Even if she were demoted, Robinson was not replaced by someone outside the protected class. In fact, 22 individuals had title changes due to the restructuring. Of these, two were black and one was Hispanic.

To establish a *prima facie* case for retaliation, Robinson must show: (1) she was engaged in activity protected by Title VII; (2) Blue Cross took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse employment action. *E.g., **Haynes v. Pennzoil Oil Co.***, 207 F.3d 296 299 (5th Cir. 2000).

Regarding her evaluation, Robinson cannot establish this was an adverse employment action; she received the highest overall rating possible, and the supporting category ratings were increased. *E.g., **Harrington v. Harris***, 118 F.3d 359 (5th Cir. 1997) (criticisms are not adverse employment action), *cert. denied*, 522 U.S. 1016. As for the claimed failure to disclose the Senior Vice President of Business Development opening, Robinson has failed to show she was qualified for that position. She admitted she had never been involved in planning mergers and acquisitions; had never dealt with government agencies regarding compliance

4

issues; and had never developed a business continuity plan, all duties the position required.

To establish a *prima facie* case for sexual harassment, Robinson must show: (1) she belonged to a protected group; (2) she was subject to unwelcome harassment based on sex; and (3) which affected a term, condition, or privilege of her employment **Watts v. Kroger Co.**, 170 F.3d 505, 509 (5th Cir. 1999). If a *prima facie* case is shown, Blue Cross can raise an affirmative defense, as long as the harassment has not culminated in a tangible employment action. **Faragher v. City of Boca Raton**, 524 U.S. 775 (1998). The defense has two elements: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer". **Id.** at 807.

Even assuming Robinson can establish a *prima facie* case, Blue Cross has successfully raised the affirmative defense. Robinson has *not* shown a tangible employment action because of the harassment. *See* **Id.** (examples of tangible employment actions: discharge, demotion, or undesirable reassignment). Further, Blue Cross maintained sexual harassment policies and procedures to report harassment. Robinson was familiar with these, having previously worked in human resources, but she failed to use them until *after* filing an action against Blue Cross. When Blue Cross

5

learned of the sexual harassment, it immediately took remedial action.

                                                                **AFFIRMED**