**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 28, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-31139
Summary Calendar
_____

LISA GUARINO,

Plaintiff - Appellant,

versus

JOHN E. POTTER, POSTMASTER GENERAL,
as agent for the UNITED STATES POSTAL SERVICE,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CV-3323-K

_____

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Lisa Guarino is a part-time postal service distribution clerk. She filed a complaint against the local postmaster alleging sex and pregnancy discrimination. After the ALJ found against her, she brought this suit in the district court against Postmaster General John E. Potter, as agent of the United States Postal Service. Both parties filed cross-motions for summary judgment, and the district court granted Potter's motion and dismissed Guarino's complaint

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

with prejudice.  For essentially the reasons stated by the district court, we affirm.

I

At the time the dispute arose, Guarino was employed by the Postal Service as a part-time flexible distribution clerk.  While employees in this position are not guaranteed any set schedule or number of hours beyond a minimum of two hours per week, Guarino was regularly scheduled for 30-35 hours.  The Postal Service offers "light duty" to part-time flexible employees who are injured, sick, or pregnant.  It also offers light duty work to full-time employees who are injured off the job, although the nomenclature is different.  "Light duty" does not guarantee any level of work assignment.  Full-time employees injured on the job qualify for "limited duty," which guarantees the prior level of work hours.  The collective bargaining agreement between the Postal Service and Guarino's union provides that assignment of any employee to light duty shall not be made to the detriment of any full-time employee, and that a reassigned part-time employee, such as Guarino in this case, shall not be given preference over other part-time employees.

Guarino learned that she was pregnant in January 1995 and, after Guarino's physician placed restrictions on Guarino's work, she requested light duty from her postmaster, Harvey Shoemake.  Shoemake did not let Guarino work for about three weeks while she had her doctor fill out the appropriate light duty forms; he then

2

approved Guarino's request in mid-February. Shoemake approved a second light duty request in March that further restricted Guarino's work. Guarino was then given an assignment of driving a Postal Service vehicle to deliver mail, until her doctor restricted this activity in her April light duty request. Subsequent light duty forms contained the same restrictions as the April forms.

In May, after a letter from Guarino's attorney complained about "discriminatory labor practicies" and requested that Shoemake reinstate Guarino to her "normal hours," Shoemake rescinded Guarino's light duty assignment because of "numerous absences." From January 1 to May 15, 1995, Guarino was absent on 41 of 96 days she was scheduled to work. The rescission of light duty resulted in Guarino's absence from work from May 15 to May 23, at which point Shoemake reinstated Guarino's light duty after receiving assurances from Guarino's immediate supervisor and union steward. Though subsequent light duty forms were not signed by Shoemake, Guarino continued to be scheduled for light duty until she stopped working for medical reasons in August.

Between January and July, Guarino's schedule had decreased from 30-35 hours per week to 12-16 hours per week. She was assigned work within her medical restrictions when such work was available, and was sent home when no work was available within her limitations. The Postal Service, in accordance with the collective bargaining agreement, would not take work away from a full-time

3

employee to provide work to Guarino.

In July, Guarino contacted an EEO counselor and initiated an informal complaint against Shoemake, alleging pregnancy discrimination based on incidents that had occurred between January and July. She filed a formal complaint in September 1995, and in June 2002 had a hearing before an EEOC ALJ, who found that Guarino had produced insufficient evidence to support a finding of discrimination. Guarino then brought the instant suit in the district court, alleging in relevant part that the Postal Service violated the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), by: making her employment more difficult during pregnancy; refusing her light duty and rejecting the light duty forms she submitted; cutting her work hours and deducting leave hours wrongfully; scrutinizing her work, harassing her and treating her more harshly than other employees; and establishing an agency-wide policy that employees on "limited duty" because of work-related injuries be treated more favorably than similarly situated employees who were pregnant or suffered non-work-related absences.

The parties stipulated that the case would be submitted on cross-motions for summary judgment in lieu of trial, and the district court held in favor of Potter, which decision Guarino now appeals.

II

Of the several claims decided by the district court on summary

4

judgment, Guarino appeals the disposition of only one: that making special provisions for federal employees with on-the-job injuries different from those who are pregnant violates the Pregnancy Discrimination Act. This claim presents two issues: 1) whether the Pregnancy Discrimination Act requires the Post Office to treat pregnancy the same as a job-related injury; and 2) whether the district court erred in concluding that Guarino failed to show that the Postal Service's reasons for adverse employment actions were pretext for discrimination.

The district court held that the Postal Service's light duty policy was not illegally discriminatory as between pregnant and other employees and that Guarino failed to establish a prima facie case of discrimination based on adverse personnel actions. It thus denied Guarino's motion for summary judgment, and granted Potter's. We review grants and denials of summary judgment de novo, applying the same legal standards as the district court. Hall v. Gillman, Inc., 81 F.3d 35, 36-37 (5th Cir. 1996).

The crux of Guarino's argument is that the Postal Service unlawfully restricted her, as a pregnant woman, to *light* duty, and precluded her from *limited* duty, because limited duty assignments are only given to employees with on-the-job injuries. This argument has no merit. While it is true that the Postal Service decides who is eligible for light duty, subject to its collective bargaining obligations, Guarino errs in contending that the same is

5

true of limited duty. It is Congress, through the Federal Employees Compensation Act (FECA), that requires that federal employees injured on the job be compensated for their injuries. 5 U.S.C. § 8102; 39 U.S.C. § 1005(c). And it is the Secretary of Labor, while administering and enforcing FECA per 5 U.S.C. § 8149, who has required that the Postal Service make special efforts to employ those injured employees, who will otherwise be compensated for doing nothing. See 20 C.F.R. § 10.507(b). The Secretary oversees restricted duties under FECA, and he has not made special provisions for pregnant employees. Id. at § 10.507(c).

Moreover, this case falls under Title VII of the Civil Rights Act of 1964, which equates pregnancy discrimination with sex discrimination. 42 U.S.C. § 2000e(k). The "central focus" of a sex discrimination inquiry is whether an employer is treating employees less favorably because of their sex. See, e.g., Furnco Constr. Corp. v. Walters, 438 U.S. 567, 577 (1978). The record shows that Guarino was not denied limited duty because of her sex -- or because she was pregnant -- but because apparently her condition was not the result of on-the-job injury, if an injury at all. And we have twice held that the Pregnancy Discrimination Act does not require employers to give pregnant women benefits that other, similarly situated employees do not get. Stout v. Baxter Healthcare Corp., 282 F.3d 856, 859-62 (5th Cir. 2002); Urbano v. Continental Airlines, 138 F.3d 204, 206-08 (5th Cir. 1998).

6

The facts in Urbano are virtually identical to the facts in this case, except that the defendant in that case was responsible for administering its own light duty program, while the Postal Service must follow the Secretary of Labor's regulations. Urbano forecloses Guarino's argument and, despite her request that we somehow "revisit" that decision, we find ourselves not only bound by its force as precedent but by its force as logic. Our precedent is clear: a distinction between injuries/illnesses incurred off- versus on-the-job is legal as long as it is applied equally. To mandate that Guarino, whose condition indisputably places her in the "light duty" category under the collective bargaining agreement, be classified as "limited duty" would be to mandate preferential treatment for pregnant employees over other workers with non-occupational injuries/illnesses. This the law forbids.

Finally, Guarino's argument that there is a disputed issue over pretext for discrimination is meritless. It is based on nothing more than Guarino's belief that Congress and the Secretary of Labor have made an unwise distinction. Further, the Postal Service has met its burden in proferring legitimate, nondiscriminatory reasons for the reduction in Guarino's hours and all other alleged adverse employment actions; Guarino's mere subjective belief is insufficient to rebut this evidence. See, e.g., Vance v. Union Planters Corp., 209 F.3d 438, 444 (5th Cir. 2000).

In sum, the district court properly granted summary judgment to the Postmaster General on the issues that are the subject of this appeal.

III

For the foregoing reasons, the judgment of the district court is

AFFIRMED.